IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SILVERMAN BERNHEIM & VOGEL )<br>      Plaintiffs )<br>)<br>v. )<br>)<br>FDIC as RECEIVER FOR NETBANK )<br>and )<br>CREDIT SUISSE, USA )<br>      Defendants ) | Case No. 1:08-cv-00943<br>Judge Reggie B. Walton |

DEFENDANT FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER's
<u>ANSWER TO COMPLAINT</u>

The Federal Deposit Insurance Corporation, as Receiver for NetBank of Alpharetta, Georgia, ("FDIC/Receiver") through its attorney, Dina L. Biblin, Esq., hereby responds to the allegations in the Complaint as follows:

<u>GENERAL DENIAL</u>

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure ("FRCvP"), Defendant asserts a general denial as to those allegations contained in the Amended Complaint that are not clearly and specifically admitted herein.

<u>SPECIFIC RESPONSES</u>

Pursuant to FRCvP 8(b), Defendant further responds to plaintiff's Amended Complaint as follows, paragraph numbers corresponding to the numbered paragraphs of the Amended Complaint.

1. This is plaintiff's Statement of their case, to which no response is required. Admitted that the FDIC was appointed Receiver of NetBank of Alpharetta Georgia on September 28, 2007, and as such, succeeded to certain of the assets and liabilities of NetBank at that time. Denied that the FDIC succeeded to liabilities of Meritage Mortgage, which is a wholly owned subsidiary of NetBank. Admitted that the FDIC sent notices of claim to all potential creditors of NetBank, as

1

required by law.  Admitted that the Receiver initially denied plaintiff's claim and then reconsidered it on application by plaintiff.  Admitted that plaintiff's claim was denied after reconsideration by the FDIC Claims Specialist for FDIC/Receiver.  Admitted that the basis for denial of the claim at all times was that the FDIC/Receiver did not assume responsibility for pre-closing expenses of Meritage and that the claim submitted by plaintiff was for its fees to resolve Meritage litigation which had concluded in 2006.  Denied that Meritage Mortgage ceased to exist as a subsidiary of NetBank in January 2006.  Any other allegations of fact are denied.

2.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

3.  Admitted that the FDIC is a federal agency with headquarters at 550 17th St. N.W., Washington, D.C. 20429 and that this complaint alleges claims as to the FDIC as Receiver for NetBank, which was based in Alpharetta, Georgia.  Any remaining allegations are denied.

4.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

JURISDICTION AND VENUE

5.  Admitted pursuant to 12 U.S.C. §1821(d)(6)(A)(ii) that a claimant to a Receivership may file a complaint in this Court within sixty days of the date of any notice of disallowance of such claim by the Receiver, otherwise denied.

6.  Admitted that Exhibit A to the complaint is a copy of a letter dated April 3, 2008 from the FDIC/Receiver to the plaintiff, titled "Notice of Disallowance after Reconsideration of Claim", and that it appears that the Complaint was timely filed in this Court on June 2, 2008.

7.  The allegations contained in this paragraph are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

<u>FACTUAL BACKGROUND AND CLAIMS</u>

8.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

10.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

11.  Denied.

12.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

13.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

14.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

15.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

<u>COUNT I - SBV V. FDIC 12 USC §1821(d)(6)</u>

16.  The FDIC/Receiver hereby incorporates its responses contained in paragraphs 1-15.

17.  Admitted that NetBank was closed by the Office of Thrift Supervision and appointed the FDIC as Receiver for NetBank on September 28, 2007, but denied that this occurred on October 26, 2007.  Denied that the Notice attached to the complaint as Exhibit C indicates otherwise. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them.

18.  Admitted that Exhibit C is a copy of the FDIC/Receiver's Claims Notice to potential

creditors, but otherwise denied.

19. Admitted that plaintiff filed a claim for $35,339.93 with the Receiver for NetBank on or about December 31, 2007, otherwise, denied.

20. Admitted, but the defendant notes that the plaintiff neglected to quote the entirety of the paragraph cited, which directed the plaintiff where to pursue a claim against Meritage Mortgage.

21. Admitted that an attorney for the FDIC represented Meritage in *Woodsbey v. Meritage Mortgage*, (Bankruptcy, WD Pa.) which was an active matter after the closing of NetBank on September 28, 2007, but otherwise denied.

22. Admitted that plaintiff's counsel sought reconsideration of the denial of plaintiff's claim, but otherwise denied.

23. Admitted that the FDIC claims specialist agreed to reconsider the claim on or about February 28, 2007, but otherwise denied.

24. Admitted that the FDIC subsequently disallowed the claim because the FDIC/Receiver did not assume liability for pre-closing expenses of the subsidiary, but denied that this was a "new basis."

25. Admitted that an FDIC attorney represented Meritage after the closing of NetBank in the *Woodsbey* matter and that certain transition bills of the law firm of Wilentz Goldman and Spitzer in the *Woodsbey* matter were paid in 2007 by the FDIC as Receiver for NetBank. All other allegations are denied.

26. Denied.

27. Denied.

## COUNT II - ALTERNATIVE CLAIM: SBV V. CREDIT SUISSE

28. The FDIC/Receiver hereby incorporates by reference its responses contained in paragraphs 1-27.

29. Admitted that the liabilities of Meritage remained the obligations of Meritage, and not the FDIC/Receiver for NetBank, after NetBank was closed on September 28, 2007. All other allegations of fact are denied.

30. Denied.

<u>AFFIRMATIVE AND GENERAL DEFENSES</u>

1. The complaint must be dismissed for failure to state a claim against defendant FDIC as Receiver for NetBank.

2. The complaint must be dismissed for failure to join an indispensable party.

3. Plaintiff lacks standing or capacity to sue.

4. The complaint must be dismissed under the doctrine of laches.

5. Plaintiff failed to mitigate its alleged damages.

WHEREFORE, defendant requests that the Court enter judgment in favor of defendant FDIC as Receiver for NetBank, that the complaint be dismissed, and that defendant be granted such other and further relief as the Court may deem just and proper.

Dated: August 18, 2008             Respectfully submitted,

/s/ *Dina L. Biblin*
DINA L. BIBLIN,    D.C. Bar # 270298
Sr. Litigation Counsel, FDIC Legal Division
FEDERAL DEPOSIT INSURANCE CORPORATION
3501 N. Fairfax Drive VS-D7050
Arlington, VA 22226
Phone: (703) 562-2372
E mail: DBiblin@fdic.gov

Attorney for Defendant
FEDERAL DEPOSIT INSURANCE CORPORATION
as Receiver for NetBank